IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WESLEY J. TURNER, | ) | CASE NO. 8:08CV531 |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) | |
| Defendant. | ) | |

## INTRODUCTION

This matter is before the Court on Defendant's Motion to Dismiss (Filing No. 14), pursuant to Fed. R. Civ. Pro. 12(b)(1). Plaintiff seeks judicial review of the denial of a claim for benefits under Titles II and XVI of the Social Security Act. Plaintiff, however, has failed to exhaust his administrative appeal remedies with respect to his claim for benefits. Plaintiff has not received the requisite "final decision" of the Commissioner that would grant this Court jurisdiction under 42 U.S.C. § 405(g). Accordingly, the Court dismisses Plaintiff's Complaint, without prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

On November 19, 2008, the Appeals Council notified Plaintiff that it had granted his request for review, and that it intended to issue a revised decision. (Filing No. 15, Exh. 3 at 22). The Appeals Council indicated that it was planning "to make a decision finding the Plaintiff became disabled on April 18, 2007." (Filing No. 15, Exh. 3 at 23). With respect to the period before April 18, 2007, the Appeals Council notified Plaintiff it planned "to adopt the Administrative Law Judge's conclusion that [Plaintiff] was not under a disability using Rule 201.18 as a framework for the analysis." (Filing No. 15, Exh. 3 at 23).

This notice also advised Plaintiff he could submit additional information or request an appearance before the Appeals Council. (Filing No. 15, Exh. 3 at 24). The Appeals

Council notified Plaintiff that if the Council did "not hear from [Plaintiff] within 30 days, [the Council would] assume that [Plaintiff] do[es] not want to send [the Council] more information or appear before the Appeals Council. [The Council] will then make [its] decision." (Filing No. 15, Exh. 3 at 25).

Social Security records indicate that Plaintiff has not responded to the Appeals Council's November 19, 2008, letter. (Filing No. 15, Declaration of Patrick J. Herbst ("Herbst Dec."), at 3). After sending this letter, the Appeals Council took no further action in this case. (Filing No. 15, Herbst Dec., at 3). Consequently, the Commission did not issue a final decision in this matter.

## STANDARD OF REVIEW

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Any party may challenge the Court's subject matter jurisdiction, and a motion pursuant to Fed. R. Civ. P. 12(b)(1) is the proper vehicle. *See Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990) ("[A]t issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case"). The party asserting jurisdiction, here the Plaintiff, has the burden of proving that jurisdiction is proper. *VS Ltd. P'ship v. Dep't of Hous. and Urban Dev.,* 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted)("The burden of proving subject matter jurisdiction falls on the plaintiff."). Dismissal "will not be granted lightly[,]" *Wheeler v. St. Louis Sw. Ry. Co.*, 90 F.3d 327, 329 (8th Cir. 1996), and "[t]he district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under 12(b)(1)." *Drevlow v. Lutheran Church, Mo. Synod*, 991 F.2d 468, 470 (8th Cir. 1993).

"[T]he existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Osborn*, 918 F.2d at 730.

## DISCUSSION

A review of the record reveals that this Court is without subject matter jurisdiction to hear the case. The Social Security Act, specifically 42 U.S.C. § 405(g) and (h), prescribe the exclusive means by which this Court may obtain jurisdiction over a social security case. *See* 42 U.S.C. § 405(g)(permitting judicial review of "any **final** decision of the Commissioner of Social Security made after a hearing . . . .")(emphasis added); 42 U.S.C. § 405(h)("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."). Without a "final" decision of the Commissioner, the Court has nothing to review. *See Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)("[A] 'final decision' is a statutorily specified jurisdictional prerequisite."); *see also Rowden v. Warden*, 89 F.3d 536, 537 (8th Cir. 1996)(concluding that a Plaintiff "may seek judicial review of the Secretary's decision in this case only after a final decision by the Secretary.").

In his Response to Defendant's Motion to Dismiss, Plaintiff suggests that the Defendant's November 19, 2008, letter to Plaintiff constituted the Commissioner's "final decision" for jurisdictional purposes of 42 U.S.C. § 405(g). The phrase ''final decision,'' however, is "not only left undefined by the Act, but its meaning is left to the Secretary to flesh out by regulation." *Weinberger*, 422 U.S. at 766. "The statutory scheme is thus one in which the Secretary may specify such requirements for exhaustion as he deems serve his own interests in effective and efficient administration." *Id.* Pursuant to this authority under the Social Security Act, the Secretary has promulgated regulations stipulating that

3

a claimant obtains a judicially reviewable "final decision" only if he completes the administrative appeals process and receives either (1) a decision by the Appeals Council or (2) notice from the Appeals Council that it is denying his request for review. *See* 20 C.F.R. §§ 404.981, 422.210. The Plaintiff has received neither. To date, the Plaintiff has received only a letter from the Appeals Council that notified him of what the Council would be considering in making its final decision, and offered the Plaintiff another opportunity to submit more evidence to support his case. (*See* Filing No. 15, Exh. 3). While the Appeals Council has granted Plaintiff's request for review, the Commissioner's final decision remains pending before the Council.

As a result, this Court is without subject matter jurisdiction to hear Plaintiff's case, and Defendant's Motion to Dismiss will be granted.

## CONCLUSION

For the aforementioned reasons, the Court dismisses Plaintiff's action for lack of subject matter jurisdiction and grants the Defendant's Motion to Dismiss.

ACCORDINGLY,

IT IS ORDERED:

1. Defendant's Motion to Dismiss (Filing No. 14) is granted;
2. Plaintiff's Complaint (Filing No. 1) is dismissed, without prejudice; and
3. A separate judgment will be filed.

DATED this 3rd day of February, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge